■ Vito Lafata, Respondent, v Steven Broder, Doing Business as Lafata Broder & Co., Appellant, et al., Defendant.—Order of the Supreme Court, New York County (Diane A. Lebedeff, J.), entered August 9, 1989, which granted defendants' motion to dismiss the complaint as against defendant Scott Broder, denied defendants' motion for a default judgment on the counterclaims, directed plaintiff to answer the counterclaims, and denied the balance of defendants' motion for summary judgment, unanimously affirmed, without costs.

The defendants' notice of motion is dated June 23, 1989, only one day beyond the June 22, 1989 date extended to plaintiff to reply to the counterclaims asserted by defendants. Counsel for plaintiff, having affirmed the fact of her contemporaneous hospitalization and inability to work during the period of extension, has set forth a meritorious excuse for the default. Accordingly, it was not an abuse of discretion for the IAS court to deny defendants' motion for a default judgment against plaintiff on the counterclaims, and to further extend plaintiff's time to reply.

It further appears that there are issues of fact regarding whether or not plaintiff's actions in soliciting clients fall within the prohibitions of a restrictive covenant set forth in the parties' agreement dated March 31, 1987, and whether the provisions of such restrictive covenant were in effect at the time of the alleged acts by plaintiff. Concur—Ross, J. P., Carro, Wallach and Rubin, JJ.